UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tdata, Inc.
60 Grace Drive
Powell, OH 43065,

        Plaintiff,

vs.

Case No. C2 03 264

Aircraft Technical Publishers,
101 South Hill Drive
Brisbane, CA 94005,
c/o Agent for Service of Process,
Caroline Daniels
101 South Hill Drive
Brisbane, CA 94005

Judge   GREGORY L. FROST

MAGISTRATE JUDGE KEMP

        Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Tdata, Inc. by and through its counsel, Lane, Alton & Horst, LLC and Thompson Hine LLP, asserts the following as its Complaint and avers as follows:

### PARTIES:

1. Plaintiff Tdata, Inc. is an Ohio corporation with its principal place of business at 60 Grace Drive, Delaware County, Powell, Ohio 43065.

2. Defendant Aircraft Technical Publishers is a California corporation with its principal place of business at 101 South Hill Drive, Brisbane, California 94005.

### JURISDICTION:

3. Jurisdiction of this court arises under the Federal Declaratory Judgment Act, 28 U.S.C. Sections 2201 and 2202 and under the laws of the United States concerning actions related to patents, 28 U.S.C. Section 1338(a).

4.     Venue is proper pursuant to 28 U.S.C. Section 1391 because defendant does business in this district, regularly travels to and/or solicits business in this district, participates in trade shows in this district, and otherwise maintains substantial contacts with this district. Further, defendant has attempted to enforce its patents via correspondence and telephone calls to this district.

## FACTUAL BACKGROUND:

5.     Defendant was issued, as the assignee, Patent No. 5,987,474, entitled "Computer Aided Maintenance and Repair Information System for Equipment Subject to Regulatory Compliance" on November 16, 1999.

6.     Defendant was issued, as the assignee, Patent No. 6,292,806 entitled "Computer Aided Maintenance and Repair Information System For Equipment Subject to Regulatory Compliance" on September 18, 2001.

7.     Plaintiff Tdata, Inc. has made and is offering for sale a software product entitled IApproach™ for managing aircraft maintenance and repair information for compliance with publicly available Federal Aviation Rules and Regulations including checklists and forms (hereinafter referred to as the "Accused Product").

8.     Defendant has wrongfully charged plaintiff with infringement of its patents and claims thereof by reason of the offering for sale and selling of the Accused Product by letters dated August 29, 2002 and January 17, 2003, copies of which are attached hereto as Exhibits A and B. During a subsequent telephone conference on February 20, 2003, between the president of plaintiff, James Thomas, and the president of defendant, Caroline Daniels, the defendant clearly accused plaintiff of infringing each of the patents at issue and threatened to sue the plaintiff unless the plaintiff either took a

license or ceased selling the Accused Product. As a result of the litigation history between the parties, the letters and subsequent demands of the defendant, plaintiff has a reasonable fear and apprehension that defendant will initiate a patent infringement action against it and/or its customers.

## COUNT I – DECLARATORY JUDGMENT

9. Plaintiff incorporates by reference paragraphs 1 through 8 as if fully set forth herein.

10. There is a substantial and continuing justiciable controversy between plaintiff and defendant as to defendant's right to threaten or maintain suit for infringement of said patents and as to the validity and enforceability thereof and as to whether the Accused Product infringes any valid claim asserted by defendant.

11. Plaintiff alleges on information and belief that said patents are not infringed, are invalid and unenforceable and/or not effective as against the plaintiff for one or more of the reasons that follow:

   a. Since plaintiff sells only software and not a "system", as claimed in each of defendant's asserted patent claims, it does not infringe any of such claims.

   b. The Accused Product does not infringe because it does not contain each element recited in each of the asserted claims.

   c. By reason of the proceedings in the patent office during the prosecution of the applications which resulted in said patents, defendant is estopped from claiming for each of said patents a construction that would cause the claims of any of said patents to

    cover or include the Accused Product developed and sold by plaintiff.

d. Defendant withheld from the U.S. Patent Office material printed information during its patent applications and thus breached its duty of candor and committed inequitable conduct and/or fraud on the Patent Office and the public.

e. The patentee did not invent the subject matter patented, nor did he make any inventions or discoveries either novel, original or otherwise, within the meaning of Title 35, United States Code.

f. The alleged invention claimed in the patents were made by others in this country before the patentee's alleged inventions and such other persons have not abandoned, suppressed, or concealed them.

g. The patents do not particularly point out and distinctly claim the part, improvement, method, steps, or combination which the patentee claims as his inventions as required by Title 35, United States Code.

h. The specifications do not contain written descriptions of the inventions in such full, clear, concise and exact terms as to enable any person skilled in the art or science to which it pertains, or with which it is most nearly connected, to practice the same, and the description does not adequately explain the principles or the best modes in which the patentee contemplated applying those

principles so as to distinguish them from other inventions, as required by Title 35, United States Code.

i. The claims of each of the patents are excessively vague and indefinite and do not distinctly point out and define the invention.

j. The claims are not directed to patentable combinations, but are directed to mere aggregations of parts or steps, means, or elements which were matters of common knowledge in the art to which said patents relate before the alleged inventions and more than one year prior to the date of the applications for the patents.

k. In light of the prior art at the time the alleged inventions were made, the subject matter as claimed in the patents would have been obvious to one skilled in the art to which the alleged inventions relate and do not constitute patentable inventions.

l. More than one year prior to the filing of the original applications which matured into the patents in suit, the alleged inventions were patented or described in printed publications in this or in foreign countries, and were in public use or on sale in this country.

m. Before the alleged inventions or discoveries by the patentee, the alleged inventions were known or used by others than the alleged inventor and were on sale in this country and/or were patented or described in patented in printed publications in this or in foreign countries.

    n.  If there be any inventions in the subject matter of the patents in suit, which is denied, the patents nevertheless were not obtained in a manner consistent with the provisions of Title 35, United States Code.

12. Defendant, since at least 1998, has had full knowledge of the activities of plaintiff and has failed to assert its patents while plaintiff invested time and money in building its business and goodwill. Defendant's claims of patent infringement are barred by the doctrine of laches.

13. Defendant has so misused the patents in suit as to render their enforcement inequitable.

14. Even if the Accused Product was found to infringe any of the patents in suit, the defendant is not entitled to recover damages because it has failed to provide notice to the public by marking its products, as required by 35 USC § 287(a).

WHEREFORE, plaintiff Tdata demands that this Court enter judgment that:

    a.  United States Patent Nos. 5,987,474 and 6,292,806 are invalid, unenforceable and not infringed by plaintiff;

    b.  Enjoins defendant, its officers, agents, servants, employees and attorneys and those in active concert or participation with them who received actual notice thereof from initiating infringement litigation, publicizing their assertions of infringement and from threatening plaintiff or any of plaintiff's customers, dealers, agents, servants or employees, or any prospective or present sellers, dealers or users of plaintiff's Accused Product with infringement litigation or charging

any of them either verbally or in writing with infringement of Patent Nos. 5,987,474 and 6,292,806 because of the manufacture, use, or sale or offering for sale of the Accused Product, said injunction to be made permanent following trial;

c. Finds that this is an exceptional case, pursuant to 35 U.S.C. Section 285, and that awards to plaintiff its reasonable attorney fees, expenses and costs incurred in this action;

d. Awards compensatory and punitive damages;

e. Grants such other and further relief as this Court deems just and equitable.

Respectfully submitted,

D. Wesley Newhouse, Trial Attorney (0022069)
William H. Prophater, Jr. (0062318)
LANE, ALTON & HORST, LLC
175 South Third Street, Suite 700
Columbus, Ohio 43215-5100
Phone:      (614) 228-6885
Fax:          (614) 228-0146
Attorneys for Plaintiff Tdata, Inc.

OF COUNSEL:

James R. Eley (0046646)
Thomas Palmer (0072816)
THOMPSON HINE LLP
10 West Broad Street, Suite 700
Columbus, OH 43215
Phone:     (614) 469-3228
Fax:         (614) 469-3361

::ODMA\GRPWISE\LAH.columbus.Documents:291126.1



## AIRCRAFT TECHNICAL PUBLISHERS

August 29, 2002                                           *Via Certified Mail*

Mr. Jim Thomas
President & CEO
Tdata Inc.
60 Grace Drive
Powell, OH 43065

Dear Mr. Thomas:

Please be advised that ATP has been awarded three U.S. Patents, Numbers 5,778,381, 5,987,474 and 6,292,806 for " Computer-Aided Maintenance and Repair Information System for Equipment Subject to Regulatory Compliance" A copy of the first page of each of these patents is enclosed for your information.

A full copy of these patents can be accessed at the following web addresses:

U.S. Patent No. 5,778,381 can be found at

http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=/netahtml/search-adv.htm&r=3&p=1&f=G&l=50&d=ft00&S1=Aircraft-Technical-Publishers.ASNM.&OS=AN/Aircraft-Technical-Publishers&RS=AN/Aircraft-Technical-Publishers

U.S. Patent No. 5,987,474 can be found at

http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=/netahtml/search-adv.htm&r=2&p=1&f=G&l=50&d=ft00&S1=Aircraft-Technical-Publishers.ASNM.&OS=AN/Aircraft-Technical-Publishers&RS=AN/Aircraft-Technical-Publishers

and, U.S. Patent No. 6,292,806 can be found at

http://patft.uspto.gov/netacgi/nph-Parser?Sect1=PTO2&Sect2=HITOFF&u=/netahtml/search-adv.htm&r=1&p=1&f=G&l=50&d=ft00&S1=Aircraft-Technical-Publishers.ASNM.&OS=AN/Aircraft-Technical-Publishers&RS=AN/Aircraft-Technical-Publishers

Please keep in mind that ATP has aggressively invested in and obtained patents and other intellectual property rights in its inventions and other innovations, and it treats these matters seriously. Please feel free to contact me if you have any questions regarding the foregoing.

Sincerely,

Caroline Daniels
President & CEO

CD:rl

Attachment

101 South Hill Drive • Brisbane, CA • 94005-1251
800-227-4610 U.S. & Canada • 415-330-9500 Worldwide • 415-468-1596 Fax
www.atp.com

Exhibit A
ALL-STATE® INTERNATIONAL



US005987474A

# United States Patent [19]
## Sandifer

[11] Patent Number: 5,987,474
[45] Date of Patent: *Nov. 16, 1999

[54] COMPUTER AIDED MAINTENANCE AND REPAIR INFORMATION SYSTEM FOR EQUIPMENT SUBJECT TO REGULATORY COMPLIANCE

[75] Inventor: Michael A. Sandifer, Millbrae, Calif.

[73] Assignee: Aircraft Technical Publishers, Brisbane, Calif.

[*] Notice: This patent is subject to a terminal disclaimer.

[21] Appl. No.: 09/111,041

[22] Filed: Jul. 7, 1998

### Related U.S. Application Data

[63] Continuation of application No. 08/511,289, Aug. 4, 1995, Pat. No. 5,778,381.

[51] Int. Cl.⁶ .................................................. G06F 17/30

[52] U.S. Cl. ............................................... 707/104; 707/103
[58] Field of Search ....................................... 707/103, 104

[56]            References Cited

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,195,173 | 3/1993 | Gordon et al. | 395/60 |
| 5,563,998 | 10/1996 | Yaksich et al. | 395/149 |
| 5,666,481 | 9/1997 | Lewis | 395/182.02 |
| 5,680,328 | 10/1997 | Skorupski et al. | 364/550 |
| 5,778,381 | 7/1998 | Sandifer | 707/104 |

Primary Examiner—Paul R. Lintz
Attorney, Agent, or Firm—William C. Milks, III

[57]            ABSTRACT

A computer based apparatus and method which provide access to complex technical information employed to maintain and repair complicated equipment, such as aircraft, to enable compliance with regulatory requirements.

**12 Claims, 113 Drawing Sheets**







US005778381A

# United States Patent [19]

Sandifer

[11] Patent Number: 5,778,381
[45] Date of Patent: Jul. 7, 1998

[54] COMPUTER AIDED MAINTENANCE AND REPAIR INFORMATION SYSTEM FOR EQUIPMENT SUBJECT TO REGULATORY COMPLIANCE

[75] Inventor: Michael A. Sandifer. Millbrae, Calif.

[73] Assignee: Aircraft Technical Publishers, Brisbane, Calif.

[21] Appl. No.: 511,289

[22] Filed: Aug. 4, 1995

### Related U.S. Application Data

[63] Continuation of Ser. No. 885,262, May 18, 1992, abandoned.

[51] Int. Cl.$^6$ .................................................... G06F 17/30
[52] U.S. Cl. ........................... 707/104; 707/103; 701/29; 701/30
[58] Field of Search ........................... 395/615, 614, 395/424.034, 424.035; 364/424.034, 424.035

[56] References Cited

#### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 4,404,639 | 9/1983 | McGuire et al. .......... 364/551 |
| 4,943,919 | 7/1990 | Aslin et al. ............. 364/424.03 |
| 5,146,552 | 9/1992 | Cassoda et al. ........... 395/145 |

#### OTHER PUBLICATIONS

Pallatto, John, "A Hypertest System Means Hyperservice at Ford Motor". *PC Week.* vol. V5. M42. Oct. 17, 1988. pp. 51–52.

Jellison et al., "XMAN—An Expert Maintainence Tool". *Autotescon '86; Proceedings of the International Automatic Testing Conference.* San Antonio, Texas. Sep. 8–11, 1986.

LaPierre et al., *Interface II—Advanced Diagnostic Software.* Final Report AFWAL-TR-88-2096. Air Force Wright Aeronautical Labratories, Aero Propulsion Laboratory (AFWAL/POTA). Dec. 14, 1988. pp. i–|C–26|.

John D. Durpo, *The Feasibility of Using Naval Aviation Logistics Data Analysis (NALDA) Databases for the Expert System Advisor for Aircraft Maintenance Scheduling.* Thesis, Naval Postgraduate School. Monterey, California. Dec. 1990. pp. 1–65.

*Primary Examiner*—Paul R. Lintz
*Attorney, Agent, or Firm*—William C. Milks, III

[57] **ABSTRACT**

A computer based apparatus and method which provide access to complex technical information employed to maintain and repair complicated equipment, such as aircraft, to enable compliance with regulatory requirements.

**20 Claims, 113 Drawing Sheets**



# USPTO PATENT FULL-TEXT AND IMAGE DATABASE



( 1 of 1 )

**United States Patent**             **6,292,806**
**Sandifer**             **September 18, 2001**

Computer aided maintenance and repair information system for equipment subject to regulatory compliance

## Abstract

A computer based apparatus and method which provide access to complex technical information employed to maintain and repair complicated equipment, such as aircraft, to enable compliance with regulatory requirements.

Inventors: **Sandifer; Michael A.** (Millbrae, CA)
Assignee: **Aircraft Technical Publishers** (Brisbane, CA)
Appl. No.: 441236
Filed: **November 16, 1999**

| | |
|---|---|
| **Current U.S. Class:** | 707/104.1; 705/26; 707/3 |
| **Intern'l Class:** | G06F 017/30 |
| **Field of Search:** | 707/104,3 395/50,60,11 705/26 |

## References Cited [Referenced By]

### U.S. Patent Documents

| | | | |
|---|---|---|---|
| 4404639 | Sep., 1983 | McGuire et al. | 364/551. |
| 4796206 | Jan., 1989 | Boscove et al. | 364/551. |
| 4943919 | Jul., 1990 | Aslin et al. | 364/424. |
| 5146552 | Sep., 1992 | Cassorla et al. | 395/145. |
| 5195173 | Mar., 1993 | Gordon et al. | 395/60. |
| 5666481 | Sep., 1997 | Lewis | 395/182. |
| 5680328 | Oct., 1997 | Skorupski et al. | 364/550. |
| 5778381 | Jul., 1998 | Sandifer | 707/104. |
| 5950150 | Sep., 1999 | Lloyd et al. | 702/183. |
| 5987474 | Nov., 1999 | Sandifer | 707/104. |

**RUSSO & HALE LLP**
ATTORNEYS AT LAW
401 FLORENCE STREET
PALO ALTO, CALIFORNIA 94301
COMPUTERLAW.COM℠

TELEPHONE
(650) 327-9800

January 17, 2003

FAX
(650) 327-3737

### SENT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

James Thomas, President
Tdata, Inc.
60 Grace Drive
Powell, OH 43065

      Subject: Aircraft Technical Publishers –
               U.S. Patents No. 5,987,474 and 6,292,806

Dear Mr. Thomas:

    We represent Aircraft Technical Publishers ("ATP") and have been requested to reply to your letter dated September 18, 2002 regarding certain U.S. Patents issued to and currently owned by ATP. The purpose of this letter is to propose that Tdata, Inc. ("Tdata") and ATP enter into negotiations relating to Tdata obtaining a patent license from ATP under U.S. Patents No. 5,987,474 ("the '474 Patent") and U.S. Patent No. 6,292,806 ("the 806 Patent") and related foreign patents and patent applications pending both in the United States and abroad. We believe that licensing under ATP's worldwide patents and pending patent applications offers an attractive business opportunity for Tdata, and we are hopeful that you will respond affirmatively to this letter so that such license negotiations can commence.

    For your information, we believe that Tdata may have interest in licensing under the '474 Patent and, more particularly, under claims 1-7 of the '474 Patent, for example, relating to selecting and completing forms, including FAA forms. Also, we believe that Tdata may have interest in licensing under the '806 Patent and, more specifically, under claims 8, 9, 13-17, and 19 of the '806 Patent, for example, relating to generating compliance records. Tdata may additionally have interest in a license under additional patent rights owned by ATP, as well, which can be discussed during patent licensing negotiations.

    We propose that all negotiations be conducted as "settlement discussions" under California Evidence Code Section 1152 to foster open discussions of the business opportunities that are available to Tdata. Please respond to us at as soon as possible with your acceptance of this proposal so that we can initiate discussions between Tdata and ATP at the earliest practicable time.

                                                   Very truly yours,

                                                   RUSSO & HALE LLP

                                                 Jack Russo

cc: Caroline Daniels, Aircraft Technical Publishers

Exhibit B
ALL-STATE® INTERNATIONAL