UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TDATA INC.

        **Plaintiff,**                             Case No. 2:03-cv-264
                                                        JUDGE GREGORY L. FROST
    v.                                           Magistrate Judge Terence P. Kemp

AIRCRAFT TECHNICAL PUBLISHERS,

        **Defendant.**

AIRCRAFT TECHNICAL PUBLISHERS,

        **Plaintiff,**                             Case No. 2:04-cv-1072
                                                        JUDGE GREGORY L. FROST
    v.                                           Magistrate Judge Terence P. Kemp

TDATA INC.

        **Defendant.**

## OPINION AND ORDER

These consolidated actions are before the Court for consideration of the following sets of filings:[1]

(1) a motion for judgment on the pleadings or, in the alternative, for summary judgment

---

[1] For no apparent reason, many of the filings in case No. 2:03-cv-264 do not appear on the docket of case No. 2:04-cv-1072. Given this error and for ease of reference, the Court shall refer to the filings here only by their docket number in case No. 2:03-cv-264. Future filings should be entered on the docket in *both* consolidated cases.

filed by Aircraft Technical Publishers ("ATP") (Doc. # 67), a memorandum in opposition[2] filed by Tdata Incorporated ("Tdata") (Doc. # 79), and a reply filed by ATP (Doc. # 83); and

(2) a motion to stay decision of motion for summary judgment pending discovery filed by Tdata (Doc. # 78 in 2:03-cv-264), a memorandum in opposition filed by ATP (Doc. # 84), and a reply filed by Tdata (Doc. # 86).

For the reasons that follow, this Court **GRANTS IN PART** and **DENIES IN PART** Tdata's motion to stay (Doc. # 78) and **DENIES WITHOUT PREJUDICE** ATP's motion for judgment on the pleadings or, in the alternative, for summary judgment (Doc. # 67).

### I. Background

The Court has previously set forth a general description of the parties and some of the issues involved in their dispute in its February 11, 2004 Opinion and Order. (Doc. # 24 in 2:03-cv-264.) Given the procedural posture of the motions *sub judice*, the Court will not again revisit that information here beyond providing the following necessary context:

ATP is the holder of three patents that lie at the heart of these two consolidated cases. Tdata and ATP became embroiled in a dispute over these patents, and on March 27, 2003, Tdata filed case No. 2:03-cv-264 in this Court, seeking to invalidate two of the patents. Various procedural developments ensued while ATP proceeded to file a second action–this one targeting the remaining third patent–in the United States District Court for the Northern District of California. Following much procedural maneuvering both in this Court and in the Northern District of California, which included an order of transfer that created case No. 2:04-cv-1072,

---

[2] The Court notes that this electronically filed memorandum is inexplicably missing its second page, which appears to have set forth simply a recitation of the procedural history.

2

both actions were eventually consolidated on this Court's docket before the undersigned judge.

In an effort to clarify and focus these proceedings, the Court permitted ATP to file an Amended Complaint on December 7, 2004. (Doc. # 60.) Tdata then filed an answer with two counterclaims on January 6, 2005, asserting in its second counterclaim that ATP had violated antitrust laws by attempting to unlawfully restrain trade, by attempting to fix prices, and by attempting to enforce an invalid patent in an effort to create a monopoly. (Doc. # 66, at 9 ¶¶ 40-46.) ATP filed an answer to the counterclaims on January 21, 2005 (Doc. # 70). During this period of amended pleading, ATP also filed its pending dispositive motion (Doc. # 67), which prompted Tdata to file a motion to stay consideration of that motion (Doc. # 78). The parties have fully briefed both motions, and the motions are now ripe for adjudication.

## II. Discussion

### A. Standards Involved

ATP suggests three procedural avenues in its potentially dispositive motion. First, ATP moves for judgment on the pleadings on Tdata's second counterclaim pursuant to Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In considering such a motion, the Court must "construe the complaint in the light most favorable to plaintiff, accept all of the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of his claim[s] that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). *See also Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not, however, accept as true legal conclusions or unwarranted factual inferences. *Mixon*, 193 F.3d at 400.

3

ATP presents a second procedural vehicle for its motion by asking, in the alternative, that the Court enter summary judgment on Tdata's second counterclaim. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must therefore grant a motion for summary judgment here if Tdata, the nonmoving party who has the burden of proof at trial, fails to make a showing sufficient to establish the existence of an element that is essential to its case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of Tdata, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

Finally, as the third potential procedural mechanism underlying its motion, ATP moves for dismissal of the second counterclaim under Fed. R. Civ. P. 12(b)(6). Dismissal is warranted

under that rule " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997).   The focus is therefore not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some   viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)).  In making such a determination, a court must " 'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' " *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of  Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)).  A court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003).

In light of these various standards, the Court must decide as a threshold matter how to address such a multi-pronged motion.  The Court notes that ATP filed its Amended Complaint on December 7, 2004.  (Doc. # 60).  Tdata then filed an answer with its counterclaims on January 6, 2005 (Doc. # 66), to which ATP filed an answer on January 21, 2005 (Doc. # 70).  This sequence–in which ATP filed its motion before filing its answer to the counterclaims–precludes treating ATP's motion as proceeding under Rule 12(c), which provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Because ATP filed its motion while the amended pleading time was still open, Rule 12(b) potentially applies; that rule provides that "[a] motion making

[any of the defenses contained in that rule] shall be made before pleading if a further pleading is permitted." Under both Rule 12(b) and (c), the Court shall treat a Rule 12 motion as a summary judgment motion if, as here, matters outside the pleadings are presented to and not excluded by the Court. Conveniently, ATP has presented the Rule 56 course as an alternate procedural theory. *See* Fed. R. Civ. P. 56(b) ("A party against whom a ... counterclaim ... is asserted ... may, at any time, move ... for a summary judgment"). Tdata has responded appropriately, in part by filing a Rule 56(f) motion. Accordingly, the Court shall proceed to treat ATP's pending motion as one for summary judgment.

    **B. Analysis**

Having resolved the issue of the nature of the dispositive motion *sub judice*, the Court must proceed to decide whether to grant Tdata's motion under Federal Rule of Civil Procedure 56(f). (Doc. # 78.) The Sixth Circuit Court of Appeals has explained that a court should consider the following relevant factors when addressing a Rule 56(f) motion:

> when the [moving party] learned of the issue that is the subject of the desired discovery; whether the desired discovery would have changed the ruling; how long the discovery period lasted; whether the [moving party] was dilatory in its discovery efforts, and whether the [non-moving party] was responsive to discovery requests.

*Estes v. King's Daughters Medical Center*, 59 Fed. Appx. 749, 754 (6th Cir. 2003) (citing *Plott v. General Motors Corp., Pakcard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)). Guided by this standard, the Court concludes that Tdata's Rule 56(f) motion is well taken.

The affidavit that Tdata offers to support its Rule 56(f) motion is fairly spartan, but, giving Tdata the benefit of the doubt, this is arguably in part because of the nature of the case. Assuming *arguendo* that the allegations of proposed price-fixing are extraneous, it is nonetheless

6

arguable that if ATP is attempting to enforce an invalid patent, then discovery related to that patent and ATP's conduct would yield information relevant to supporting and/or amending the counterclaim. Thus, although a close decision, the Court ultimately agrees with Tdata that the absence of proper discovery in these consolidated cases affects consideration of the pending summary judgment motion.

Given Tdata's description of the second counterclaim, it is difficult to decide conclusively whether discovery would favor Tdata's argument in opposition to the motion. The post-amendment discovery period was just underway at the time ATP filed its motion. There is no evidence that Tdata has been dilatory in its discovery efforts, but there is at least an implicit if unproven allegation that ATP has been obstructionist in providing sufficient discovery responses.[3] Guided by these Rule 56(f) inquiry factors and in light of the potential effect that discovery can have on the second counterclaim, the Court **GRANTS** Tdata's motion for relief under Rule 56(f).

The Court **DENIES** Tdata the *precise* relief it requests, however, because the Court does not agree that a stay of the summary judgment motion yields the best result. Tdata seeks a stay on ATP's summary judgment motion until Tdata can conduct discovery, including the taking of depositions. Such a process may potentially render ATP's pending motion outdated, because it may be able to present a stronger (or might be forced to adjust for a weaker) case for the rationale upon which it currently relies, i.e., that Tdata is relying only upon an arguably impermissible negotiation statement or statements as the underlying predicate for its

---

[3] The parties' counsel dispute the allegation via a conflicting affidavit and declaration. (Doc. # 78, Ex. A, Prophater Aff.; Doc. # 85, Hale Decl.)

counterclaim[4] and that Tdata fails to plead necessary elements.[5] The motion might even become moot. In other words, the Court is concerned that designating the current motion for summary judgment as merely stayed will result only in supplemental briefing down the road, all the while maintaining an open and in all probability increasingly irrelevant motion on the docket. The better course of action, then, is to follow Rule 56(f)'s first suggestion that "the court may refuse the application for judgment." Fed. R. Civ. P. 56(f). The Court therefore **DENIES WITHOUT PREJUDICE** ATP's motion for summary judgment on Tdata's second counterclaim. (Doc. # 67.) Given the nature of this counterclaim and the remaining causes of actions in these consolidated cases, any prejudice to ATP that discovery on the second counterclaim could involve is at best minimal. If ATP eventually prevails on the second counterclaim by subsequent dispositive motion, it will have incurred little additional cost and trouble in doing so.

The Court emphasizes that ATP remains free to move for summary judgment on the timetable set forth in the Court's February 10 and 11, 2005 scheduling orders. (Docs. # 77, 80.) Further, in light of today's decision, the Court strongly advises the parties to adhere to the discovery schedule strictly. Any attempt to engage in dilatory discovery conduct so as to delay the filing of dispositive motions or otherwise improperly disrupt the timetable of these

---

[4] To dispute this aspect of Tdata's second counterclaim, ATP relies in part on outside-the-pleadings evidence. (Doc. # 68, Milks Decl.; Doc. # 69, Daniels Decl.)

[5] The Court recognizes that ATP does not ignore the full potential scope of the amended pleading, which also targets "ATP's actions in attempting to enforce an invalid patent" as providing another basis for the anti-trust counterclaim. (Doc. # 66, at 9 ¶ 45.) But although a close question, the Court is reluctant to conclude that ATP's litigation is not objectively and subjectively meritless–and proceed to enter judgment based on ATP's *Noerr-Pennington* rationale at this stage–when Tdata has presented an arguable counterclaim predicated on *several* grounds and also suggests possible amendment of the pleading to correct any deficiency.

consolidated actions is unacceptable.

## III. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Tdata's motion to stay (Doc. # 78) and **DENIES WITHOUT PREJUDICE** ATP's motion for judgment on the pleadings or, in the alternative, for summary judgment (Doc. # 67). The Clerk shall also indicate the disposition of the appropriate motions on the docket of case No. 2:04-cv-1072.

**IT IS SO ORDERED.**

                                             /s/ Gregory L. Frost  
                                           GREGORY L. FROST  
                                           UNITED STATES DISTRICT JUDGE