UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TDATA INC.

       Plaintiff,                            Case No. 2:03-cv-264
                                          JUDGE GREGORY L. FROST
    v.                                      Magistrate Judge Terence P. Kemp

AIRCRAFT TECHNICAL PUBLISHERS,

       Defendant.


AIRCRAFT TECHNICAL PUBLISHERS,

       Plaintiff,                            Case No. 2:04-cv-1072
                                          JUDGE GREGORY L. FROST
    v.                                      Magistrate Judge Terence P. Kemp

TDATA INC.

       Defendant.


**OPINION AND ORDER**

These consolidated cases are before the Court for consideration of a motion for summary judgment (Doc. # 212) filed by Tdata Incorporated ("Tdata"), a memorandum in opposition (Doc. # 219) filed by Aircraft Technical Publishers ("ATP"), and a reply memorandum (Doc. # 227) filed by Tdata.[1]  Also before the Court is a cross-motion for summary judgment (Doc. # 219) filed by ATP, a memorandum in opposition (Doc. # 230) filed by Tdata, and a reply

---

[1] For ease of reference, the Court shall refer to the document numbers in Case No. 2:03-cv-264.  This Opinion and Order of course relates to the corresponding documents filed in Case No. 2:04-cv-1072.

1

memorandum (Doc. # 235) filed by ATP. For the reasons that follow, the Court **DENIES** Tdata's motion and **GRANTS** ATP's motion.

## I. Background

Tdata Incorporated ("Tdata") is a company that produces and sells a software product called "Iapproach," which is a resource used for managing aircraft maintenance and repair. Aircraft Technical Publishers ("ATP") is the holder of three patents that are involved in the patent aspect of these two consolidated cases. The companies became embroiled in a dispute over these patents, and on March 27, 2003, Tdata filed case No. 2:03-cv-264 in this Court, seeking to invalidate two of the patents. ATP filed a counterclaim asserting infringement of these same patents.

Various procedural developments ensued while ATP proceeded to file a second action–this one targeting the remaining third patent–in the United States District Court for the Northern District of California. By then, the parties' dispute also encompassed alleged trademark infringement by Tdata. Following much procedural maneuvering both in this Court and in the Northern District of California, which included an order of transfer that created case No. 2:04-cv-1072, both actions were eventually consolidated on this Court's docket before the undersigned judge.

In an effort to clarify and focus these proceedings, the Court permitted ATP to file an Amended Complaint on December 7, 2004. (Doc. # 60.) That amended pleading asserted four claims: willful patent infringement, patent infringement, trademark infringement, and unfair competition. (Doc. # 60, at 5-11.) Tdata in turn filed a January 6, 2005 answer containing two counterclaims, the first of which asks for declaratory relief, while the second counterclaim

2

asserts an antitrust violation asserting that ATP had violated antitrust laws by attempting to unlawfully restrain trade, by attempting to fix prices, and by attempting to enforce an invalid patent in an effort to create a monopoly. (Doc. # 66 ¶¶ 40-46.) ATP filed a reply to the counterclaims on January 21, 2005. (Doc. # 70.) The consolidated actions thus present three basic causes of action: patent infringement, trademark infringement, and antitrust.[2]

On March 3, 2006, Tdata filed for summary judgment on the patent issues on the grounds that ATP had engaged in inequitable conduct that renders its patents unenforceable. (Doc. # 212.) ATP opposes the motion and has filed its own motion for summary judgment on Tdata's prior art-inequitable conduct defense. (Doc. # 219.) The Court previously addressed a related motion to strike (Doc. # 222) in a February 5, 2007 Opinion and Order (Doc. # 266), and the fully briefed summary judgment motions are ripe for disposition.

## II. Discussion

### A. Standard Involved

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Products, Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex*

---

[2] ATP has previously obtained summary judgment on its two trademark claims (Doc. # 191) and on Tdata's second counterclaim, the antitrust claim (Doc. # 232).

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B. Analysis**

In a February 5, 2007 Opinion and Order, this Court held that Tdata had violated a discovery order issued by the Magistrate Judge. (Doc. # 266.) Consequently, the Court imposed a necessary sanction that included both the striking of all references to the European prior art in Tdata's summary judgment motion and supporting memoranda and an order that "Tdata cannot rely in this litigation on the undisclosed European prior art." (Doc. # 266, at 8.) This decision effectively decides Tdata's summary judgment motion, which is based on the alleged intentional concealment of the prior art targeted by the sanction. The Court has reviewed Tdata's summary judgment filings at length and has found no reliance on any grounds other than the precluded prior art from the European patent proceedings. Accordingly, the Court must **DENY** Tdata's motion for summary judgment. (Doc. # 212.)

This leaves the issue of whether ATP is entitled to summary judgment on Tdata's inequitable conduct defense. It is notable that ATP explicitly moves for summary judgment only on Tdata's "affirmative defense of unenforceability due to alleged inequitable conduct in procuring the patents-in-suit." (Doc. # 219, at 6.) This targets Tdata's third affirmative defense. (Doc. # 66 ¶ 19.) ATP's expressly limited motion for summary judgment does not reach, then, Tdata's first counterclaim, which claims that ATP's patents are unenforceable for a number of reasons, including inequitable conduct. (Doc. # 66 ¶ 37.)

The preclusion of the prior art from the European patent proceeding also decides ATP's motion. Because Tdata is unable to rely on the prior art, it cannot prevail on the aspect of its third affirmative defense predicated on that art. The Court recognizes, however, that the third affirmative defense is worded generally and may encompass alternative theories beyond reliance on only the precluded prior art. ATP is thus entitled to summary judgment only on the specific theory related to the prior art, and the Court **GRANTS** the company's motion on that narrow ground. (Doc. # 219.)

The Court notes for purposes of avoiding future problems an issue with ATP's summary judgment evidence. ATP relies upon the Milks and Sandifer Declarations as evidence of the company's good faith belief in the non-materiality of the foreign art. Reliance on the Sandifer Declaration for summary judgment purposes is problematic, however, because it is electronically signed.

Filing electronically signed declarations has been a consistent practice in this litigation, and despite the proclivity of the parties for filing motions to strike, the issue of non-attorney

declarations has eluded them.³ The parties have previously submitted in the summary judgment context declarations actually signed by the declarant. (Docs. # 100; 112, Ex. A; 131 (stricken on other grounds).) But as another judge in this District has explained, the filing of an electronically signed declaration can prove problematic:

> An unsworn or unsigned affidavit cannot be used to oppose a motion for summary judgment. *Nassif Insurance Agency, Inc. v. Civic Property and Casualty Co.,* No. 03-2618, 2005 WL 712578 at *3 (6th Cir. March 30, 2005); *Pollock v. Pollock,* 154 F.3d 601, 612 n. 20 (6th Cir.1998). Although an unsworn affidavit may qualify as an unsworn declaration under 28 U.S.C. § 1746, such affidavits must be signed, in writing, and dated, and must verify that its content is "true under penalty of perjury." 28 U.S.C. § 1746; *Pollock,* 154 F.3d at 612 n. 20. Under the local rules of this court, affidavits which are not notarized or which contain an electronic signature instead of the actual signature of the affiant are not properly signed, and therefore are not proper evidence under Rule 56. *See Watson v. City of Mason,* No. C1-04-283, 2005 WL 3018690 at *9-10 (S.D. Ohio Nov. 9, 2005); S.D. Ohio Local Rule 1.1(e); Electronic Filing Policies and Procedures Manual, Rule C, Signatures.

*Weems v. City of Columbus*, No. 2:05-cv-87, 2006 WL 2640636, at *3 (S.D. Ohio Sept. 13, 2006). Thus, because the electronically signed Sandifer Declaration submitted by ATP does not bear the purported declarant's actual signature, the document is not properly signed and is not sufficient Rule 56 evidence. *See Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.*, No. 2:04-cv-889, 2006 WL 2373273, at *6 (S.D. Ohio Aug. 14, 2006) (holding that a non-attorney's electronically signed declaration "was not properly signed in compliance with the rules of this District, and will not be considered as evidence under Rule 56"). The Court therefore does not

---

³ With one easily identified exception, the Court has not cited non-attorney electronically signed "declarations"; the exception is the Court's summary judgment reference to "Doc. # 101, Ex. 5" in its January 23, 2006 Opinion and Order. (Doc. # 191, at 15.) That error was harmless and not critical either to the Court's analysis or decision, however, because the Court also relied on other material such as a properly signed Thomas Declaration. (Doc. # 191, at 15 (citing Doc. # 112, Ex. A.).) Moreover, no party objected to the electronically signed "declaration" or moved to strike the document.

consider the offending "declaration."  (Doc. # 221.)  Although the rejection of that material is not critical here, given the effect of the prior art sanction, the Court notes the signature issue so that the parties can avoid impropriety in future filings.

### III.  Conclusion

Tdata cannot rely on undisclosed prior art from the European patent proceeding to demonstrate inequitable conduct and therefore the unenforceability of ATP's patents.  The Court therefore **DENIES** Tdata's motion for summary judgment (Doc. # 212) and **GRANTS** ATP's motion for summary judgment (Doc. # 219) on that aspect of Tdata's third affirmative defense involving the European prior art.  Tdata's remaining grounds for asserting inequitable conduct, if any, remain viable.

**IT IS SO ORDERED.**

          s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE